IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY LEE DEMERY, | | |
| Petitioner, | | |
| vs. | | No. 13-1011-JDB/egb |
| MICHAEL DONAHUE, | | |
| Respondent. | | |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 2241(d)

On January 4, 2013, Petitioner, Timothy Lee Demery, Tennessee Department of Corrections prisoner number 817318, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a petition pursuant to 28 U.S.C. § 2254,[1] along with a motion for appointment of counsel.[2] (Docket Entries

---

[1] Demery used the form for federal prisoners challenging the execution of their sentence under 28 U.S.C. § 2241. He challenges a state court conviction. His cause of action arises under 28 U.S.C. § 2254, which authorizes federal district courts to issue writs of habeas corpus for prisoners who are in custody pursuant to state-court judgments. The Clerk is ORDERED to correct the cause of action.

[2] Because this petition is being transferred, the motion for appointment of counsel is DENIED without prejudice. Petitioner may renew his motion before the transferee court.

("D.E.") 1 & 2.) The Clerk shall record the respondent as Michael Donahue, Warden of HCCF.[3]

Twenty-eight U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Although this petition may be filed in either the Eastern or Western Districts of Tennessee, it is the practice of the federal district courts in Tennessee that all § 2254 petitions are to be heard in the district in which the conviction was obtained. In this petition, Demery is challenging a conviction and sentence from Carter County Criminal Court. Carter County is in the Northeastern Division of the Eastern District of Tennessee. *See* 28 U.S.C. § 123(a)(2). Because Petitioner's conviction was entered in Carter County, those state records are not readily accessible to this Court.

---

[3] The petition lists former HCCF Warden Joseph Easterling, Robert Cupp, and K.C. Baedwin as respondents. The only proper respondent to a habeas petition is the warden of the facility in which the prisoner is incarcerated. Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 2717-18, 159 L. Ed. 2d 513 (2004). The Clerk is directed to terminate Easterling, Cupp, and Baedwin as parties to this case.

2

Therefore, it is ORDERED, pursuant to 28 U.S.C. § 1406(a) that this case be TRANSFERRED to the United States District Court for the Eastern District of Tennessee at Greenville.

IT IS SO ORDERED this 1st day of August, 2013.

                                          s/ J. Daniel Breen
                                          J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE