UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| TIMOTHY LEE DEMERY, Jr., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:13-cv-209 |
| | ) | *Greer/Inman* |
| MICHAEL DONAHUE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

On April 29, 2004, Timothy Lee Demery ["petitioner" or "Demery"] was convicted by a jury in the Carter County Criminal Court of second-degree murder and, thereafter, he received a twenty-three year sentence of imprisonment, (Doc. 10). Demery has submitted this amended *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his confinement under that judgment of conviction, (*Id.*).

Respondent has filed an unopposed motion to dismiss the petition as untimely, (Doc 14), and this habeas corpus case is now ripe for disposition. Respondent's motion has merit and will be GRANTED and, for the reasons below, this case will be DISMISSED.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244. The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim

depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A). The time is tolled, however, during the pendency of a properly filed application for state post-conviction relief. 28 U.S.C. § 2244 (d)(2).

Petitioner's judgment of conviction, according to face of his petition, was entered on March 3, 2005. Petitioner carried an appeal to the Tennessee Court of Criminal Appeals and, when unsuccessful there, sought permission for further review from the Tennessee Supreme Court. *State v. Demery*, No. E2007-00767-CCA-R3-CD, 2008 WL 2901634 (Tenn. Crim. App. July 25, 2008), *perm. to app. denied* (Tenn. 2008). Permission to appeal was denied on January 20, 2009, and ninety days later, on April 20, 2009, when the time expired for filing a petition for certiorari in the U.S. Supreme Court, petitioner's conviction became final, *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000), and AEDPA's one-year clock started to tick.

The clock was not tolled for any state petition for post-conviction relief because Demery did not file a post-conviction petition. Therefore, three-hundred, sixty-five days later, on April 20, 2010, the clock stopped ticking, upon the lapse of the one-year statute of limitations for filing a habeas corpus petition.

Under the prisoner "mail box rule," the instant petition is deemed to have been filed on January 2, 2013, when Demery signed, under penalty of perjury, that he delivered his petition to prison officials for mailing, (Doc. 1 at 6). *See Houston v. Lack*, 478 U.S. 266, 276 (1988); *Towns v. United States*, 190 F. 3d 468, 469 (6th Cir. 1999). Since the petition was filed some two years and nine months after the lapse of § 2244(d)'s statute of limitation expired, it is time-barred.

The one-year statute of limitations in AEDPA, however, is not jurisdictional and is subject to equitable tolling in an appropriate case. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling applies only where a petitioner shows "(1) that he has been pursuing his rights

2

diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing alleged by Demery and nothing which appears on the face of the pleading suggests any reason for application of equitable tolling to this late-filed petition.

Because the petition is time-barred, the Court will GRANT the Warden's motion to dismiss and will DISMISS the petition as untimely under § 2244(d).

Finally, the Court must consider whether to issue a certificate of appealability (COA) should petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on a procedural basis, as is the case here, must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). Given the firm procedural basis upon which is based the dismissal of this petition, the Court finds that jurists of reason would not conclude the disposition of this case is debatable or wrong. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE